IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAVON SMITH | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-09-2319 |
| KATHLEEN GREEN | * | |
| Defendant | * | |

\*\*\*

## **MEMORANDUM OPINION**

Pending is Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 8. Plaintiff was notified of his right to file a Response in Opposition and of the consequences of failing to do so, but he has failed to file anything further.[1]  Paper No. 10.  For the reasons that follow Defendant's motion, construed as a Motion for Summary Judgment, shall be granted.

### Background

Plaintiff, who was incarcerated at Eastern Correctional Institution (ECI) when the Complaint was filed, alleges the water at ECI caused him to suffer health issues.  Paper No. 1. He states he began getting abscesses on his face and body when he used the water at ECI.  *Id*. at p. 6.  He states he never had a similar skin problem prior to being housed at ECI and initially suspected the condition was acne.  He claims his efforts to clear the problem up were to no avail and the more frequently he washed his face the worse the abscesses became. *Id.* at p. 7.  He states the doctor gave him a body shampoo to use, but the condition did not improve until he stopped using the water.  Plaintiff states he was forced to choose between bathing and suffering with the skin condition.  He seeks a transfer to another institution as well as $15,000 in damages.

---

[1]  Plaintiff contacted the court regarding a change in his address and issues concerning his property.  Paper No. 9. The Clerk's letter advising Plaintiff of his right to file a Response in Opposition was mailed to his new address. Paper No. 10.

*Id*. at p. 5.

Defendant asserts the water quality at ECI was tested 800 times in 2008 for more than 120 compounds. Paper No. 8 at Ex. A, p. 13. The water met state and federal standards in 2008. The water was again tested on June 9, 2009, by Atlantic Coast Laboratories, Inc., and revealed no contamination with e.coli, colilert, or coliform. *Id*. at pp. 8—10. Defendant claims there have been no other recent complaints regarding the quality of the water at ECI.

According to medical records provided by Defendant, Plaintiff was diagnosed with a bacterial NEC infection, cellulitis of the neck, and swollen lymph nodes in his neck. *Id*. at Ex. C, pp. 5—7. Plaintiff is allergic to dandruff shampoo containing coal tar and had an allergic reaction to the shampoo. On May 20, 2009, he was provided with an antibiotic, Keflex, to treat the skin irritation. *Id*. at p. 10. He was later treated for minor skin irritations on July 23, 2009. *Id*. at pp. 14—15. On August 20, 2009, Plaintiff reported to medical that he had a rash on underside of his neck and chin which he believed was caused by the water. *Id*. at p. 16. The nurse, however, explained to Plaintiff that shaving without water could cause the rash he had. *Id*. Plaintiff was again given Keflex to treat the rash.

On September 12, 2009, Plaintiff claimed the water was causing pressure in the back of his head. *Id*. at pp. 20—21. Upon examination, the nurse could not find evidence of redness or other irritation or infection to Plaintiff's scalp. *Id*. Plaintiff also complained he had lesions on his face, tongue and upper inside of his lip. *Id*. at pp. 22—23. Plaintiff was examined and only the lesion on his lip could be located by the Physician's Assistant. Later he again complained he had lesions on his face, but the physician's assistant found no significant skin condition. *Id*. at pp. 25—26.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its]

pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). In order to demonstrate the objective component of a conditions-of-confinement claim prisoners must demonstrate 'extreme' deprivations or neglect of 'serious' medical needs." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) *citing Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). In the instant case Defendant has provided evidence that the water quality was tested and found to pass all applicable standards.  Defendant is entitled to rely on the results of the tests performed. *See Rish v. Johnson*, 131 F. 3d 1092, 1095 (4th Cir. 1997) (prison official entitled to qualified immunity where reasonable official in her position would not have known the conduct violated a well-established right).

Defendant also provides medical evidence establishing that Plaintiff's skin conditions were treated and found to be unrelated to the water quality at ECI.  Plaintiff has failed refute that evidence and has therefore failed to demonstrate the extreme deprivations required.  *See e.g.*, *Fruit v. Norris*, 905 F. 2d 1147 (8th Cir. 1990) (failure to provide inmates with protective gear and ignoring other dangers to personal safety when working inside a raw sewage well established Eighth Amendment violation).  Thus, Defendant is entitled to summary judgment.  A separate Order follows.

April 5, 2010                                          /s/
Date                                          RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE